1  Ronald S. Kravitz, Esq. (SBN: 129704)
       rkravitz@linerlaw.com
2  Matthew Borden, Esq. (SBN: 214323)
       mborden@linerlaw.com
3  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
4  199 Fremont Street, 20th Floor
   San Francisco, CA 94105-2255
5  Telephone:  (415) 489-7700
   Facsimile:  (415) 489-7701
6
   Attorneys for Plaintiffs and Counter-Defendants
7  Mai Christina Pham, John Pham, Mai Nguyen,
   Hung Perry Nguyen, Joyce Freeman, and
8  Christopher Hake

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. C 08-00201 JW |
| COMUNITY LENDING, INCORPORATED, a California corporation, | Honorable James Ware |
| | Bankruptcy Case No. 08-50030 (MM) |
| Debtor. | Chapter 11 |
| MAI CHRISTINA PHAM, JOHN PHAM, MAI NGUYEN, HUNG PERRY NGUYEN, and JOYCE FREEMAN, | Adv. Proc. No. 08-05006 |
| Plaintiffs, | **ANSWER TO COUNTERCLAIM BY PLAINTIFFS AND COUNTER-DEFENDANTS MAI CHRISTINA PHAM, JOHN PHAM, HUNG PERRY NGUYEN, JOYCE FREEMAN, AND CHRISTOPHER HAKE** |
| vs. | |
| COMUNITY LENDING, INCORPORATED, a California corporation, and Does 1 through 10, inclusive, | |
| Defendants. | |

1       Plaintiffs and Counter-Defendants Mai Christina Pham, John Pham, Hung Perry Nguyen, Joyce Freeman, and Christopher Hake (collectively "Plaintiffs") hereby answer the counterclaim filed by Defendant ComUnity Lending Inc. ("Defendant") as follows:

      1.    Answering Paragraph 1 of the Counterclaim, Plaintiffs admit that Plaintiffs were members of the "ComUnity Lending Inc. Non-Qualified Deferred Compensation Plan" ("Plan"). Plaintiffs lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

      2.    Answering Paragraph 2 of the Counterclaim, Plaintiffs admit that Defendant was in the business of originating, brokering, servicing, and selling residential mortgages, that Defendant sometimes received origination fees for originating loans and management fees for servicing loans, and that Defendant did obtain and sell some REO properties. Plaintiffs lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

      3.    Answering Paragraph 3 of the Counterclaim, Plaintiffs admit that Defendant originated loans, funded them with short term warehouse lines of credits and then sold the loans. Plaintiffs lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

      4.    Answering Paragraph 4 of the Counterclaim, Plaintiffs lack sufficient knowledge and information as to the matters in this paragraph and therefore deny such allegations. However, Plaintiffs specifically note that Defendant's own financial statements indicate that Defendant was solvent and financially healthy as of August 31, 2007.

      5.    Answering Paragraph 5 of the Counterclaim, Plaintiffs admit that Defendant has filed a Chapter 11 bankruptcy. Plaintiffs lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

      6.    Answering Paragraph 6 of the Counterclaim, Plaintiffs admit that the Plan was commenced in 2001 and restated in 2003 and that its terms are governed by Exhibit 1 to the Verified Complaint. Plaintiffs further admit that a true and correct copy of the Trust Agreement dated September 1, 2003 ("Trust Agreement") is attached as Exhibit 2 to the Verified Complaint.

Plaintiffs admit that Plan funds were administered in an account with Transamerica. Plaintiffs lack sufficient knowledge and information to form a belief as to what information and belief Defendant may have about these documents, and further lack sufficient information and knowledge to form a belief as to all other matters in this paragraph, and therefore deny any such allegations.

7. Answering Paragraph 7 of the Counterclaim, Plaintiffs deny the allegations in this paragraph on the grounds that the documents speak for themselves.

8. Answering Paragraph 8 of the Counterclaim, Plaintiffs admit that this paragraph is an incomplete quotation from Paragraph 5.2 of the Plan that it is missing a quotation mark at the end.

9. Answering Paragraph 9 of the Counterclaim, Plaintiffs admit that this paragraph is an incomplete quotation from Paragraph 10.6 of the Plan.

10. Answering Paragraph 10 of the Counterclaim, Plaintiffs admit that this paragraph contains an incomplete quotation from Paragraph 1(d) of the Trust Agreement. Plaintiffs deny the remainder of the allegations in this paragraph on the grounds that Paragraph 3(a) of the Trust Agreement speaks for itself.

11. Answering Paragraph 11 of the Counterclaim, Plaintiffs admit that Defendant sent Plaintiffs an announcement of the termination of the Plan on September 7, 2007. Plaintiffs lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

12. Answering Paragraph 12 of the Counterclaim, Plaintiffs admit that Defendant has stipulated to keep the proceeds from the ComUnity Lending Inc. Non-Qualified Deferred Compensation Plan in two separate accounts and that Defendant will not commingle, use, transfer, pledge, encumber, grant a security interest in, or in any other manner dispose of or hypothecate those funds. Plaintiffs lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

13. Answering Paragraph 13 of the Counterclaim, Plaintiffs admit that Defendant filed a Chapter 11 case on January 4, 2008. Plaintiffs deny the remaining allegations in this paragraph.

14. Answering Paragraph 14 of the Counterclaim, Plaintiffs incorporate their answers to Paragraphs 1-13 of the Counterclaim.

15. Answering Paragraph 15 of the Counterclaim, Plaintiffs admit that there is an actual controversy between Plaintiffs and Defendant. Plaintiffs lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

16. Answering Paragraph 16 of the Counterclaim, Plaintiffs admit that Defendant contends that the funds from the ComUnity Lending Inc. Non-Qualified Deferred Compensation Plan are property of Defendant's bankruptcy estate.

17. Answering Paragraph 17 of the Counterclaim, Plaintiffs admit the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a First Affirmative Defense, Plaintiffs allege that the Counterclaim fails to state sufficient facts to state a cause of action upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a Second Affirmative Defense, Plaintiffs allege that Defendants' Counterclaim is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

3. As a Third Affirmative Defense, Plaintiffs allege that Defendants' Counterclaim is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

4. As a Fourth Affirmative Defense, Plaintiffs allege that Defendants' Counterclaim is barred by the doctrine of estoppel.

///

///

///

///

**FIFTH AFFIRMATIVE DEFENSE**

5. As a Fifth Affirmative Defense, Plaintiffs allege that Defendants' Counterclaim is barred by the doctrine of laches.

Dated: April 14, 2008

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By:   /s/ Matthew Borden
       Matthew Borden

Attorneys for Plaintiffs and
Counter-Defendants
MAI CHRISTINA PHAM, JOHN PHAM, MAI NGUYEN, HUNG PERRY NGUYEN, JOYCE FREEMAN, and CHRISOPHER HAKE