1  Jesse L.B. Hill SBN 97620
   Law Offices of Jesse L.B. Hill
2  1042 Palm Street 2nd Floor
   San Luis Obispo, CA  93401
3  (805) 544-5541
   Fax (805) 595-1020
4

5  Attorneys for Cross Complainants
   Katherine Buckmeyer, Jack Ferguson, John Nelson,
6  Phyllis Heinrichs & Jeanne Rupert

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN JOSE DIVISION**

11

12  JOHN NELSON, KATHERINE BUCKMEYER, )      Case No. C 08-00201 JW
    JACK FERGUSON, PHYLLIS HEINRICKS & )
13  JEANNE RUPERT,                     )      Honorable James Ware
                    Cross Complainants, )
14                                      )      **ANSWER TO COUNTER CLAIM AND**
                 vs.                    )      **CROSS COMPLAINT OF COUNTER-**
15                                      )      **DEFENDANTS JOHN NELSON,**
    COMUNITY LENDING, INCORPORATED, a  )      **KATHERINE BUCKMEYER, JACK**
16  California corporation, and Roes 1 through 10, )  **FERGUSON, PHYLLIS HEINRICKS &**
    inclusive,                         )      **JEANNE RUPERT**
17                                      )
                    Cross Defendants.   )
18  _____ )
    AND RELATED ACTIONS                 )
19  _____
    _____
20

21          Answering Paragraph 1 of the Counterclaim, Counter Defendants admit that Plaintiffs were

22  members of the "ComUnity Lending Inc. Non-Qualified Deferred Compensation Plan" ("Plan").

23  Plaintiffs lack sufficient knowledge and information to form a belief as to the remaining matters in

24  paragraph 1 and therefore deny each and every other allegation contained therein.

25          Answering Paragraph 2 of the Counterclaim, Counter Defendants admit that Defendant was

26  in the business of originating, brokering, servicing, and selling residential mortgages, that

27  Defendant sometimes received origination fees for originating loans and management fees for

28  servicing loans, and that Defendant did obtain and sell some REO properties.  Counter Defendants

                                           1

lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny each and every of the remaining such allegations.

Answering Paragraph 3 of the Counterclaim, Counter Defendants admit that Defendant originated loans, funded them with short term warehouse lines of credits and then sold the loans. Counter Defendants lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

Answering Paragraph 4 of the Counterclaim, Counter Defendants lack sufficient knowledge and information as to the matters in this paragraph and therefore deny such allegations. However, Counter Defendants note that Defendant's financial statements indicate that Defendant was solvent and financially healthy as of August 31, 2007.

Answering Paragraph 5 of the Counterclaim, Counter Defendants admit that Defendant has filed a Chapter 11 bankruptcy. Counter Defendants lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

Answering Paragraph 6 of the Counterclaim, Counter Defendants admit that the Plan was commenced on or before 2001 and restated in 2003. Its terms are governed by what the Plan and Trust documents state. Counter Defendants admit that Plan funds were in individual investment accounts controlled by each participant with Great Western Life or Transamerica. Counter Defendants lack sufficient knowledge and information to form a belief as to what information and belief Defendant may have about these documents, and further lack sufficient information and knowledge to form a belief as to all other matters in this paragraph, and therefore deny each and every other allegation contained therein.

Answering Paragraph 7 of the Counterclaim, deny in its entirety and specifically note that CLI told Counter Defendants they would receive their contributions and earnings.

Answering Paragraph 8 of the Counterclaim, Counter Defendants admit that this paragraph is an incomplete quotation from Paragraph 5.2 of the Plan that it is missing a quotation mark at the end of the Paragraph thus making this paragraph unintelligible and on that basis deny.

CROSS COMPLAINT OF COUNTER-DEFENDANTS JOHN NELSON, KATHERINE BUCKMEYER, JACK FERGUSON, PHYLLIS HEINRICKS & JEANNE RUPERT

Answering Paragraph 9 of the Counterclaim, Counter Defendants admit that this paragraph is an incomplete quotation from Paragraph 10.6 of the Plan, wholly taken out of context, and the document was never provided to Counter Defendants during the sales of this Plan to them.

Answering Paragraph 10 of the Counterclaim, Counter Defendants admit that this paragraph contains an incomplete quotation from Paragraph 1(d) of the Trust Agreement, but deny that the Plan document was ever given to Counter Defendants.  Counter Defendants deny the remainder of the allegations in this paragraph on the grounds that Paragraph 3(a) of the Trust Agreement speaks for itself.

Answering Paragraph 11 of the Counterclaim, Counter Defendants admit that Defendant sent Counter Defendants an announcement of the termination of the Plan on or about September 7, 2007.  Counter Defendants lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny such allegations.

Answering Paragraph 12 of the Counterclaim, Counter Defendants admit that Defendant has stipulated to keep the proceeds from the ComUnity Lending Inc. Non-Qualified Deferred Compensation Plan in two separate accounts and that Defendant agreed it will not commingle, use, transfer, pledge, encumber, grant a security interest in, or in any other manner dispose of or hypothecate those funds.  Counter Defendants lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny all other such allegations.

Answering Paragraph 13 of the Counterclaim, Counter Defendants admit that Defendant filed a Chapter 11 case on January 4, 2008.  Counter Defendants deny all other remaining allegations in this paragraph.

Answering Paragraph 14 of the Counterclaim, Counter Defendants incorporate their answers to Paragraphs 1-13 of the Counterclaim.

Answering Paragraph 15 of the Counterclaim, Counter Defendants admit that there is an actual controversy between Plaintiffs, Counter Defendants, and Defendant.  Counter Defendants lack sufficient knowledge and information to form a belief as to the remaining matters in this paragraph and therefore deny all such other allegations.

1    Answering Paragraph 16 of the Counterclaim, Counter Defendants admit that Defendant
2 contends that the funds from the ComUnity Lending Inc. Non-Qualified Deferred Compensation
3 Plan are property of Defendant's bankruptcy estate.

4    Answering Paragraph 17 of the Counterclaim, Plaintiffs admit the allegations in this
5 paragraph, except that TransAmerica was holding the funds for some period of time for the benefit
6 of Counter Defendants.

7                            **AFFIRMATIVE DEFENSES**

8                        **FIRST AFFIRMATIVE DEFENSE**

9    As a First Affirmative Defense, Plaintiffs allege that the Counterclaim fails to state
10 sufficient facts to state a cause of action upon which relief could be granted.

11                       **SECOND AFFIRMATIVE DEFENSE**

12    As a Second Affirmative Defense, Plaintiffs allege that Defendants' Counterclaim is barred
13 by the doctrine of unclean hands.

14                        **THIRD AFFIRMATIVE DEFENSE**

15    As a Third Affirmative Defense, Plaintiffs allege that Defendants' Counterclaim is barred
16 by the doctrine of waiver.

17                       **FOURTH AFFIRMATIVE DEFENSE**

18    As a Fourth Affirmative Defense, Plaintiffs allege that Defendants' Counterclaim is barred
19 by the doctrine of estoppel.

20                        **FIFTH AFFIRMATIVE DEFENSE**

21    As a Fifth Affirmative Defense, Plaintiffs allege that Defendants' Counterclaim is barred by
22 the doctrine of laches.

23    WHEREFORE, Defendants are owed nothing and should take nothing by their complaint.

24

25    Dated: May 5, 2008                    By: _____

26                                              Jesse L.B. Hill

27

28
                                        4
CROSS COMPLAINT OF COUNTER-DEFENDANTS JOHN NELSON, KATHERINE BUCKMEYER, JACK FERGUSON, PHYLLIS
                        HEINRICKS & JEANNE RUPERT

**CROSS COMPLAINT**

1.      Cross Complainants, JOHN NELSON, KATHERINE BUCKMEYER, JACK FERGUSON, PHYLLIS HEINRICKS & JEANNE RUPERT (collectively, "Cross Complainants") allege in their Cross Complaint against defendant ComUnity Lending, Incorporated, a California corporation ("Company"), and ROES 1 through 10, inclusive, as follows:

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this proceeding by virtue of 29 U.S.C. § 1132(e)(1) and ERISA.

3.      Venue is proper in this court as the Company's did business in San Jose and Morgan Hill, California.

**THE PARTIES**

4.      At all relevant times herein, Cross Complainants, and each of them, were participants in the Plan.

5.      Upon information and belief, defendant ComUnity Lending, Incorporated is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California, which currently maintains an office at 5671 Santa Teresa Blvd., Suite 201, San Jose, California.

6.      Cross-Complainants are ignorant of the true names and capacities of those defendants named herein as ROES 1 through 10, inclusive.  Cross-Complainants allege that each of these defendants named herein as ROES 1 through 10, inclusive, are responsible in whole or in part for the actions and/or omissions alleged herein. Cross-Complainants will amend this Complaint to list the true names and capacities of those named herein as ROES 1 through 10 when the same have been ascertained.

7.      Upon information and belief, defendants ROES 1 through 10 were the agents of the Company and were at all times thereafter acting within the purpose and scope of said agency, and the Company has ratified and approved the acts of its agents.

CROSS COMPLAINT OF COUNTER-DEFENDANTS JOHN NELSON, KATHERINE BUCKMEYER, JACK FERGUSON, PHYLLIS HEINRICKS & JEANNE RUPERT

**FACTS**

8.     Effective October 1, 2001, the Company established the Plan, which was an employee retirement plan to provide deferred compensation for a group of employees.  Cross Complainants, as did Defendant, hereby incorporate the attachments to the Complaint of Pham by reference as if set forth in full herein.

14.     The Company or TransAmerica was the Plan Administrator of the Plan and was a fiduciary of the Plan under ERISA.

15.     Section 7.1 of the Plan provides that the value of the participants' accounts shall be fully vested at all times.

16.     Section 8.13 of the Plan provides that benefits are payable immediately in a lump sum upon the termination of the Plan.  Section 10.2 of the Plan provides that, "Upon termination of the Plan, the Participant's full Compensation on a non-deferred basis will be thereupon restored."

17.     The Plan does not contain any provisions requiring the exhaustion of administrative remedies prior to filing a lawsuit seeking benefits or a procedure a participant may follow to file any such administrative claim.  All administrative remedies, if any, have been exhausted.

18.     The Participants voluntarily established individual accounts into which they placed their own funds.  The Plan contributions were deposited in TransAmerica and invested by the individual participants as they saw fit in a variety of investment.

19.     Effective September 1, 2003, Investors Bank & Trust Company ("IBT") entered into an agreement with the Company ("Trust Agreement"), pursuant to which IBT agreed to act as the trustee of the Plan.

20.     Section 4 of the Trust Agreement provides that except as provided by Section 3, the Company "shall have no right or power to direct the Trustee to return to ComUnity or to divert to others any of the Trust assets before all payment of benefits have been made to the Plan participants and their beneficiaries pursuant to the terms of the Plan."

21.     Section (3)(b) of the Trust Agreement provides in pertinent part:

CROSS COMPLAINT OF COUNTER-DEFENDANTS JOHN NELSON, KATHERINE BUCKMEYER, JACK FERGUSON, PHYLLIS HEINRICKS & JEANNE RUPERT

(1)    The Board of Directors/Trustees and Chief Executive Officer on behalf of the Employer shall have the duty to inform the Trustee in writing of the Employer's Insolvency. . . .

(3)    If at any time the Trustee has determined that the Employer is insolvent, the Trustee shall discontinue payments to Plan participants or their beneficiaries and shall hold the assets of the Trust for the benefit of the Employer's general creditors. . . .

22.    Under the terms of the Trust Agreement, the Trust shall not terminate until the date on which the Plan participants and their beneficiaries are no longer entitled to receive benefits pursuant to the terms of the Plan.

23.    Upon information and belief, on or about August 10, 2007, the Company's Board of Directors voted to terminate the Plan.

24.    The Company waited until August 29, 2007, to initiate the process of transferring funds from the Plan's trustee to the Plan's participants, and never offered any reason for this 19 day delay.

25.    On information and belief, on or about September 7, 2007, the Company circulated to Plan members a Termination Announcement dated September 4, 2007 ("Termination Announcement").  The Termination Announcement informed Plan members for the first time that the Company had terminated the Plan, and stated that the termination was "effective September 4, 2007."

26.    The Termination Announcement directed Plan participants to the Transamerica Customer Care Center to respond to any questions they had concerning the Plan.

27.    Upon information and belief, the Company's financial records show that at the time of the termination of the Plan, the Company was solvent.

28.    Upon information and belief, at no time between August 10, 2007, and September 17, 2007 (or thereafter), did any Company representative ever inform or represent to IBT, the Plan's trustee, that the Company was insolvent.

29.    After receiving notice of the Plan's termination from the Company, Cross Complainants submitted to the Company written instructions for the transfer of their respective Plan benefits to them.  Plan participants made hardship withdrawals.

7

30.    By no later than September 17, 2007, IBT, the Plan's trustee, had distributed some of Cross Complainants Plan benefits directly to the Company instead of to Cross Complainants. At the time of the distribution of their Plan benefits from IBT to the Company in September 2007, Cross Complainants collectively had account balances of approximately $500,000.00.  The specific amounts due and in each individual account shall be proved at the time of trial.

31.    The Company has refused to distribute some of Cross Complainants Plan benefits to Cross Complainants.  All of the funds to this Plan were the property of plaintiffs and/or Cross Complainants.  Each contribution was determined by the Cross Complainants and was contributed to their individual accounts.  Each participant could direct the investments or borrow from their accounts.

32.  The Company, Transamerica and/or ROES 1 through 10, and each of them, failed to distribute the Cross Complainants' respective Plan benefits directly to Cross Complainants and, instead, improperly diverted the Plan's assets from the Individual Trust Accounts to the Company's own accounts, in violation of the express terms of the Plan and the Trust Agreement.  The Participants had paid Medicare taxes, and upon information and belief, other taxes, when the Participants determined their Contributions and had the payroll personnel of the Company pay those taxes to the IRS from the Participant's funds and specifically not from Company funds.

FIRST CLAIM FOR RELIEF- Breach of Contract

(Against Defendants ComUnity Lending, Incorporated and ROES 1 -10)

33.    Cross Complainants hereby incorporate by reference all of the facts and allegations as set forth in each of the foregoing paragraphs 1-32 as if set forth in full herein.

34.    The Plan is a written contract and pursuant to the express terms of the Plan, Cross Complainants are entitled to the immediate payment of their benefits under the Plan.

35.    The Company and ROES 1-10 breached the terms of the Plan by: (a) failing to pay immediately the benefits owed to Cross Complainants upon the termination of the Plan, and (b) converting the Cross Complainants' Plan benefits to the Company's use.

WHEREFORE, Cross Complainants pray for relief as set forth below.

CROSS COMPLAINT OF COUNTER-DEFENDANTS JOHN NELSON, KATHERINE BUCKMEYER, JACK FERGUSON, PHYLLIS HEINRICKS & JEANNE RUPERT

1    SECOND CLAIM FOR RELIEF-Breach of Fiduciary Duty

2    36.    Cross Complainants hereby incorporate by reference all of the facts and allegations

3    as set forth in each of the foregoing paragraphs 1-35 as if set forth in full herein.

4    37.    At all relevant times, the Plan was governed by the substantive provisions of ERISA

5    and Defendants were fiduciaries of the Plan under 29 U.S.C. § 1102(21)(A).  Each Plan Fiduciary

6    under ERISA has a duty to act solely in the interests of Plan Participants to see that each Participant

7    receives the benefits under the Plan to which they are entitled.

8    38.    Upon information and belief, the Plan was not a Top Hat Plan under 29 U.S.C. §

9    1101(a)(1) because the Plan was funded and not for a select group of employees.  The Plan was

10   funded with and by Employees contributions and the funds went to Individual Accounts under 29

11   U.S.C. § 1102(34) and the Plan was therefore not exempt from the fiduciary provisions of ERISA

12   because it was a funded Plan.  Upon information and belief, the Plan was not restricted to a select

13   group of management or only highly compensated employees.

14   39.    Through the conduct alleged above, the Company and Roes 1-10 breached their

15   fiduciary duties to Plan Participants under the requirements of 29 U.S.C. § 1104(a)(1)(A)(i).

16   40.    Cross Complainants and other Participants of this Plan are entitled to judgment

17   against the Company and any and all fiduciaries who did not act solely in the Participant's best

18   interests.

19    WHEREFORE, Cross Complainants pray for relief as set forth below.

20   THIRD CLAIM FOR RELIEF-Declaratory Relief

21   (Against Defendants ComUnity Lending, Incorporated and ROES 1 -10)

22   41.  Cross Complainants incorporate by reference the facts and allegations set forth in each

23   of the preceding paragraphs 1-40 as though fully set forth herein.

24   42.    An actual controversy exists as to the ownership of the proceeds of the Plan.  Cross

25   Complainants contend that the Plan funds held in the separate accounts by the Company are their

26   funds and should be distributed along with interest and earning in proportion to their respective

27   shares.

28

9

43.    The Court should issue a declaration to the Company to have the Company pay the funds and earnings thereon directly from the accounts to each individual participant.

WHEREFORE, Cross Complainants pray for relief as set forth below.

FOURTH CLAIM FOR RELIEF-Negligence

(Against Defendants ComUnity Lending, Incorporated and ROES 1- 10)

44.    Cross Complainants incorporate by reference the facts and allegations set forth in each of the preceding paragraphs 1-43 as though fully set forth herein.

45.    Cross Complainants contend that the Company had a duty to warn and/or provide a copy of the Plan to each Participant before enrolling them in the Plan. The Company, or sales persons from the insurance company acting on behalf of the Company, told the Participants that they would receive their contributions and earning from the Plan.

46.    The Company breached their duty and representations to the Participants by not providing the Participants their salary deferrals from their individual accounts when requested by the Complainants and Cross Complainants.

47.    The actions of the Company as alleged above, caused the Complainants and Cross Complainants the loss of their retirement funds.

48.    The Cross Complainants and Complainants have been damaged as set out hereinbelow.

WHEREFORE, Cross Complainants pray for relief as set forth below.

FIFTH CLAIM FOR RELIEF-Unjust Enrichment

49.  Cross Complainants incorporate by reference the facts and allegations set forth in each of the preceding paragraphs 1-48 as though fully set forth herein.

50.  The Company and ROES 1-10 would be unjustly enriched if it were allowed to keep the Complainants and Cross-Complainants', and each of their, contributions and earnings to the Pension Plan.

51.  Equity should not allow the Company to be unjustly enriched by the money contributed by its employees to their individual accounts for the reason set out above.

10

CROSS COMPLAINT OF COUNTER-DEFENDANTS JOHN NELSON, KATHERINE BUCKMEYER, JACK FERGUSON, PHYLLIS HEINRICKS & JEANNE RUPERT

1    WHEREFORE, Cross Complainants pray for relief as set forth below.

2                                  **PRAYER FOR RELIEF**

3    WHEREFORE, Cross Complainants request that this Court enter judgment in favor of

4    Cross Complainants and Plaintiffs as follows:

5    1.    Declaring that Plaintiffs' and Cross Complainants' Plan benefits and all proceeds

6    and interest and earnings thereon are the property of either Plaintiffs or Cross Complainants and/or

7    their respective beneficiaries as appropriate;

8    2.    Declaring that Cross Complainants are entitled to the immediate payment of their

9    benefits under the terms of the Plan;

10    3.    Ordering Defendants to pay Cross Complainants their respective Plan benefits and

11    pre-judgment interest and earnings thereon;

12    4.    Imposing a constructive trust over Plaintiffs' and Cross Complainants benefits and

13    all proceeds thereof, in Defendants' possession, custody, or control;

14    5.    Awarding Cross Complainants' their attorneys' fees and costs pursuant to 29 U.S.C.

15    § 1132(g); and

16    6.    Awarding Cross Complainants such other and further relief as the Court may deem

17    just, proper, and equitable.

18

19    Dated:  May 5, 2008                    By: _____

20                                                    Jesse L.B. Hill, Esq.
                                                      Attorney for Cross Complainants
21                                                    Jack Ferguson, Katherine Buckmeyer,
                                                      John Nelson, Phyllis Heinricks and
22                                                    Jeanne Rupert

23

24

25

26

27

28

CROSS COMPLAINT OF COUNTER-DEFENDANTS JOHN NELSON, KATHERINE BUCKMEYER, JACK FERGUSON, PHYLLIS
HEINRICKS & JEANNE RUPERT