United States District Court
For the Northern District of California

1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN JOSE DIVISION

10                                    NO. C 08-00201 JW

11  In re ComUnity Lending, Inc.,        **ORDER GRANTING PLAINTIFF'S
                                          MOTION FOR WITHDRAWAL OF**
12                                        **REFERENCE**

13  _____/

14
                              **I.  INTRODUCTION**
15
         ComUnity Lending, Inc. ("ComUnity" or "Debtor")[1] filed a petition for bankruptcy in the
16
    Northern District of California.  Various former employees of Debtor[2] ("Plaintiffs") commenced an
17
    adversary proceeding against the Debtor in the Bankruptcy Court.[3]  Presently before the Court is
18
    Plaintiffs' Motion for Withdrawal of Reference.  (hereafter, "Motion," Docket Item No. 1.)  The
19
    Court conducted a hearing on April 7, 2008.  Based on the papers submitted to date and oral
20
    arguments of counsel, the Court GRANTS Plaintiffs' Motion for Withdrawal of Reference.
21

22
            [1] The Court uses "ComUnity" to refer to the entity prior to the filing of the petition for
23  bankruptcy; "Debtor" refers to the entity post-petition.

24          [2] The employees are Mai Christina Pham, John Pham, Mai Nguyen, Hung Perry Nguyen,
    and Joyce Freeman.
25
            [3] The papers submitted by the parties do not detail the procedural history in the Bankruptcy
26  Court.  However, it appears that Debtor impleaded Katherine Buckmeyer, Jack Ferguson, and John
    Nelson as additional parties. (See Docket Item No. 17.)  These three individuals have filed a motion
27  to join in Plaintiffs' motion.  (See Docket Item No. 11.)  Since it appears these individuals have
    similar claims to Plaintiffs and since Debtor has not filed an opposition, the Court GRANTS the
28  motion to join.

United States District Court

For the Northern District of California

1

2       **II.  BACKGROUND**

     The adversary proceeding at issue in this case is related to a previous action between the

3  parties.  On October 24, 2007, Plaintiffs filed a Complaint against ComUnity.  See Mai Christina

4  Pham v. ComUnity Lending, Inc., C 07-5436-JW.  At issue in that case was the proper distribution

5  of funds contained in a "Top Hat" deferred compensation plan.  The Court conducted several

6  hearings on the matter and, on December 6, 2007, issued a temporary protective order and a writ of

7  attachment.  The protective order and the writ of attachment prevented the use of the funds at issue

8  until further order of the Court.

9       On January 4, 2008, ComUnity filed for bankruptcy.  (Motion, Ex. 12, hereafter,

10  "Bankruptcy Court Docket.")  On January 7, 2008, Plaintiffs commenced an adversary proceeding in

11  the Bankruptcy Court to resolve the issue of ownership in the Top Hat funds.

12       Presently before the Court is Plaintiffs' motion to withdraw the reference to the Bankruptcy

13  Court of their adversary proceeding.

14       **III.  STANDARDS**

15       District courts have original and exclusive jurisdiction over all cases commenced under the

16  Bankruptcy Code.  28 U.S.C. § 1334.  The district court may refer any or all cases or proceedings

17  arising under the bankruptcy code to the bankruptcy judges for the district.  28 U.S.C. § 157(a).  In

18  the Northern District of California, all cases commenced pursuant to the bankruptcy code are

19  automatically referred to the bankruptcy judges.  See General Order 24 of the United States District

20  Court for the Northern District of California (May 20, 1985).

21       On its own motion or on timely motion of any party, the district court may withdraw, in

22  whole or in part, any case or proceeding referred to the bankruptcy judges for cause shown.  28

23  U.S.C. § 157(d).  Withdrawal may be mandatory or discretionary.  Id.  Withdrawal of the reference

24  is mandatory if the court determines that resolution of the proceeding requires consideration of both

25  the bankruptcy code and non-bankruptcy federal law.  Id.  However, the non-bankruptcy federal law

26  issues must be "substantial and material" to trigger mandatory withdrawal.  Sec. Farms v. Int'l

27

28       2

United States District Court
For the Northern District of California

1  Broth. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 n.4 (9th Cir. 1997).

2      The district court may also withdraw a reference at its discretion.  28 U.S.C. § 157(d).  In

3  determining whether discretionary withdrawal is appropriate, a district court should consider the

4  efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy

5  administration, and the prevention of forum shopping.  Sec. Farms, 124 F.3d at 1008.  Courts in the

6  Ninth Circuit also consider whether the claim is core or non-core, whether the claim is legal or

7  equitable, and whether the claim is triable by a jury, as well as conservation of the estate and non-

8  debtor resources.  Daewoo Motor Am., Inc. v. Gulf Ins. Co., 302 B.R. 308, 310 (C.D. Cal. 2003);

9  Betta Prods., Inc. v. Distrib. Sys. and Servs., Inc., 2007 WL 1750211, 2 (N.D. Cal. 2007).

10                                    **IV.  DISCUSSION**

11      Plaintiffs move to withdraw the reference with respect to the adversary proceeding.  (Motion

12  at 2.)  Plaintiffs contend that withdrawal of the reference is mandatory because the resolution of the

13  adversary proceeding requires consideration of the Bankrupty Code and ERISA.  (Motion at 4.)

14      The issues involving ERISA in the bankruptcy proceeding include 1) whether the funds are

15  exempt from the substantive provisions of ERISA; 2) whether ComUnity held the funds in trust for

16  Plaintiffs; and 3) whether the funds should have been distributed to Plaintiffs upon termination of

17  the Plan.  Debtor concedes that resolution of the adversary proceedings will require consideration of

18  the funds status under ERISA.[4]

19      The Debtor contends that the status of the funds can be determined by the Bankruptcy Judge

20  from the plan documents and thus, resolution of the issue does not require significant judicial

21  determination.  (Opposition at 11.)  Debtor misstates the standards.  Mandatory withdrawal does not

22  turn on the amount of judicial efforts involved but on whether the issue to be decided involve

23  significant and material questions of non-bankruptcy federal law.  The issues presented here are

24  material and significant.  First, the issues require a judicial determination of the characterization of

25

26

27      [4] (Memorandum in Opposition of Motion for Withdrawal of Reference of Adversary
     Proceeding at 9, hereafter, "Opposition," Docket Item No. 7.)

28                                         3

1  the funds under ERISA.  Second, the facts surrounding the funds disbursement will likely be

2  dispositive of Plaintiffs' claims.  Thus, the Court finds that mandatory withdrawal is required.

3  Accordingly, the Court GRANTS Plaintiffs' motion.

4                                    **V.  CONCLUSION**

5          The Court GRANTS Plaintiffs' Motion to Withdraw the Reference.  The Court hereby

6  withdraws the reference of Adversary Proceeding Number 08-5006 in Bankruptcy Case No. 08-

7  50030 from the Bankruptcy Court.

8

9  Dated:  June 5, 2008                        _____
                                               JAMES WARE
10                                             United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      4

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2
George H. Kalikman gkalikman@linerlaw.com
Matthew Brooks Borden mborden@linerlaw.com
3
Robert Anthony Franklin rfranklin@murraylaw.com
Ronald Scott Kravitz Rkravitz@LinerLaw.com
4

5

6
**Dated:  June 5, 2008**                                    **Richard W. Wieking, Clerk**

7

8
                                                        **By:   /s/ JW Chambers**
                                                             **Elizabeth Garcia**
                                                             **Courtroom Deputy**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28