1  Ronald S. Kravitz, Esq. (SBN: 129704)
        rkravitz@linerlaw.com
2  Matthew Borden, Esq. (SBN: 214323)
        mborden@linerlaw.com
3  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
4  199 Fremont Street, 20th Floor
   San Francisco, CA 94105-2255
5  Telephone:  (415) 489-7700
   Facsimile:  (415) 489-7701
6
   Attorneys for Plaintiffs and Counter-Defendants
7  Mai Christina Pham, John Pham, Mai Nguyen,
   Hung Perry Nguyen, Joyce Freeman, and
8  Christopher Hake

9                     **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                         **SAN JOSE DIVISION**

12

13

14  In re                                   )   Case No. C 08-00201 JW
                                            )
    COMUNITY LENDING, INCORPORATED, a       )   Honorable James Ware
15  California corporation,                 )
                                            )   Bankruptcy Case No. 08-50030 (MM)
16          Debtor.                         )
                                            )   Chapter 11
17  _____)
                                            )
18  MAI CHRISTINA PHAM, JOHN PHAM, MAI      )   Adv. Proc. No. 08-05006
    NGUYEN, HUNG PERRY NGUYEN, and          )
    JOYCE FREEMAN,                          )   **STIPULATION FOR LEAVE TO FILE**
19                                          )   **AMENDED COMPLAINT**
            Plaintiffs,                     )
20                                          )
            vs.                             )
21                                          )
    COMUNITY LENDING, INCORPORATED, a       )
22  California corporation, and Does 1 through 10, )
    inclusive,                              )
23                                          )
            Defendants.                     )
24  _____)

25

26

27

28

                                                           Case No.  C 08-00201 JW
                    STIPULATION FOR LEAVE TO FILE AMENDED COMPLAINT

   0036012/001/ 37865v01

1    Plaintiffs and Counter-defendants Mai Christina Pham, John Pham, Mai Nguyen, Hung

2   Perry Nguyen, and Joyce Freeman ("Plaintiffs"), Counter-defendant Christopher Hake ("Hake"),

3   and Defendant ComUnity Lending Inc. ("Defendant") by and through the undersigned counsel,

4   hereby stipulate and agree as follows:

5           WHEREAS, Plaintiffs commenced this action by filing a Complaint on

6   January 7, 2008;

7           WHEREAS, Defendant filed an Answer to the Complaint and a Counterclaim

8   against Plaintiffs and Hake on February 21, 2008;

9           WHEREAS, Hake wishes to make claims against Defendant that are virtually

10  identical to those made by Plaintiffs;

11          WHEREAS, Defendant agrees to allow Plaintiffs to amend their Complaint in the

12  form attached hereto to add the claim by Hake;

13          WHEREAS, Plaintiff agrees that Defendant shall not be required to file a responsive

14  pleading in response to the Amended Complaint, that Defendant's previous Answer shall remain in

15  effect and that all new allegations in the Amended Complaint shall be deemed to be denied.

16          IT IS THEREFORE AGREED that:

17          1.    Plaintiffs shall file their First Amended Complaint on June 16, 2008; and,

18          2.    Defendant shall not be required to file a responsive pleading in response to

19  the First Amended Complaint.

20          3.    Defendant's previous Answer shall remain in effect.

21          4.    All new allegations in the Amended Complaint shall be deemed to be

22  denied.

23

24      IT IS SO STIPULATED.

25

26

27

28

                                                    2                    Case No.  C 08-00201 JW
                        STIPULATION FOR LEAVE TO FILE AMENDED COMPLAINT
0036012/001/ 37865v01

1  Dated: June 16, 2008                    MURRAY & MURRAY
                                           A Professional Corporation
2

3

4                                          By:          /s/
                                                Robert A. Franklin
5
                                           Attorneys for Debtor
6                                          ComUnity Lending, Incorporated

7

8
   Dated: June 16, 2008                    LINER YANKELEVITZ
9                                          SUNSHINE & REGENSTREIF LLP

10

11
                                           By:          /s/
12                                              Matthew Borden

13                                         Attorneys for Plaintiffs
                                           Mai Christina Pham, John Pham, Mai Nguyen,
14                                         Hung Perry Nguyen, Joyce Freeman, and
                                           Christopher Hake
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3                       Case No.  C 08-00201 JW
                STIPULATION FOR LEAVE TO FILE AMENDED COMPLAINT

0036012/001/ 37865v01

1   Dated: June 16, 2008

2

3

4

5

6

7

8   Dated: June 16, 2008

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MURRAY & MURRAY
A Professional Corporation


By: _Robt A Franll_
      Robert A. Franklin

Attorneys for Debtor
ComUnity Lending, Incorporated



LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP


By: _____
      Matthew Borden

Attorneys for Plaintiffs
Mai Christina Pham, John Pham, Mai Nguyen,
Hung Perry Nguyen, Joyce Freeman, and
Christopher Hake

---

STIPULATION FOR LEAVE TO FILE AMENDED COMPLAINT

0036012/001/37019v01

1 | Ronald S. Kravitz (SBN 129704)
        rkravitz@linerlaw.com
2 | Matthew Borden (SBN 214323)
        mborden@linerlaw.com
3 | LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
4 | 199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
5 | Telephone:  (415) 489-7700
Facsimile:  (415) 489-7701
6 |
Attorneys for Plaintiffs
7 | MAI CHRISTINA PHAM, JOHN PHAM, MAI NGUYEN,
HUNG PERRY NGUYEN, and JOYCE FREEMAN

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

**SAN JOSE DIVISION**

11

| | | |
|---|---|---|
| 12 | In re | ) Case No. 08-50030 (MM) |
| | | ) |
| 13 | COMUNITY LENDING, INCORPORATED, a California corporation, | ) Chapter 11 |
| | | ) |
| 14 | Debtor. | ) |
| | _____ | ) |
| 15 | | ) |
| 16 | MAI CHRISTINA PHAM, JOHN PHAM, MAI NGUYEN, HUNG PERRY NGUYEN, JOYCE FREEMAN, and CHRISTOPHER HAKE | ) Adv. Proc. No. 08-05006 |
| | | ) |
| 17 | | ) **FIRST AMENDED COMPLAINT FOR** |
| | Plaintiffs, | ) **BREACH OF CONTRACT,** |
| 18 | | ) **DECLARATORY RELIEF, AND** |
| | vs. | ) **INJUNCTIVE RELIEF** |
| 19 | | ) |
| 20 | COMUNITY LENDING, INCORPORATED, a California corporation, and Does 1 through 10, inclusive, | ) |
| 21 | | ) |
| | Defendants. | ) |
| 22 | _____ | ) |

23

24        Plaintiffs Mai Christina Pham, John Pham, Mai Nguyen, Hung Perry Nguyen, Joyce

25 Freeman and Christopher Hake (collectively, "Plaintiffs") allege their Complaint against

26 defendant/debtor and debtor in possession ComUnity Lending, Incorporated, a California

27 corporation ("Company"), and DOES 1 through 10, inclusive, as follows:

28

---

FIRST AMENDED COMPLAINT

# I.    PRELIMINARY STATEMENT

1.    On October 24, 2007, four of the six Plaintiffs[1] filed a complaint against the Company for breach of contract and for declaratory and injunctive relief ("Original Complaint") in a case pending before the Hon. James Ware styled *Pham, et al., v. ComUnity Lending, Inc., et al.*, U.S. District Court for the Northern District of California, San Jose Division ("District Court"), under Case No. C07-05436 JW (HRL) ("District Court Litigation").  The gravamen of the Original Complaint is that the Plaintiffs, as former employees of the Company and participants in the Company's Non-Qualified Deferred Compensation Plan ("Plan"), should have been paid, in the aggregate, in excess of $3,800,000 on August 10, 2007, when the Company terminated the Plan.[2] Instead of immediately paying the Plaintiffs their respective Plan benefits, as it was legally obligated to do, the Company forged depository instructions that the Plaintiffs had provided to the Company for delivery to the Plan's trustee, and improperly instructed the trustee to turn over the funds to the Company, rather than transmitting them to the Plaintiffs' respective depository accounts.

2.    On October 30, 2007, Plaintiffs filed an application for a writ of attachment or, in the alternative, for a temporary protective order, seeking an attachment of the funds that the Company had converted and was holding in constructive trust for the Plaintiffs' benefit.  On November 20, 2007, after a hearing, the District Court entered a Minute Order granting a Temporary Protective Order ("TPO") in favor of Plaintiffs.  On November 21, 2007, the District Court issued a written Order, requiring that the Company "hold all funds associated with the TopHat Deferred Compensation Plan in a separate and sequestered account … No money from the TopHat Plan shall be removed, spent, or otherwise transferred for any purpose." On December 4,

---

[1] Plaintiffs Joyce Freeman and Christopher Hake were not plaintiffs in the District Court Litigation. Ms. Freeman's and Mr. Hake's claims and causes of action against the Company are identical to and arise from the same transactions and occurrences that gave rise the other four Plaintiffs' claims and causes of action in the District Court Litigation and in this adversary proceeding.

[2] Including the Plan benefits that should have been turned over to Ms. Freeman, the aggregate amount is in excess $4,200,000.

1

FIRST AMENDED COMPLAINT

1    2007, after a further hearing, the District Court entered a Minute Order continuing the TPO

2    pending the entry of an order granting Plaintiffs' application for a writ of attachment.

3         3.       On December 6, 2007, the District Court entered an Order Granting Plaintiffs'

4    Application for a Writ of Attachment, specifically finding that "Plaintiffs have met their burden to

5    establish grounds for relief." On that same day, the District Court issued a Writ of Attachment,

6    noting that the attachment was to secure the sum of $3,835,119, and directing any U.S. Marshall to

7    attach "[a] deposit account [to] be identified by [the Company or its] President, Richard Couch,

8    upon levy of this writ. [The Company] and Mr. Couch have been ordered to disclose the financial

9    institution at which the account is held and the account number of the account to you."

10        4.       Plaintiffs effected the levy of the Writ of Attachment on December 28, 2007.

11   Having repeatedly threatened to file bankruptcy if the Plaintiffs sought to execute the Writ of

12   Attachment issued by Judge Ware, the Company commenced its bankruptcy case on January 4,

13   2008.

14   **II.    JURISDICTION AND VENUE**

15        5.       This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§

16   151, 157 and 1334.

17        6.       Venue is proper in this bankruptcy court under 28 U.S.C. § 1409 because this

18   adversary proceeding arises under and in connection with a case under title 11 that is pending in

19   this judicial district.

20        7.       Under 28 U.S.C. § 157(b), this action is a non-core proceeding.

21   **III.   THE PARTIES**

22        8.       At all relevant times, Plaintiffs Mai Christina Pham, John Pham, Mai Nguyen, Hung

23   Perry Nguyen, Joyce Freeman, and Christopher Hake were participants in the Plan. Mai and John

24   Pham reside in Huntington Beach, California. Mai and Hung Perry Nguyen reside in Tustin,

25   California. Joyce Freeman resides in Santa Cruz, California. Christopher Hake resides in

26   Stockton, California.

27

28
2
FIRST AMENDED COMPLAINT

0036012/001/ 37866v01                                    Case # 08-50030/A.P. # 08-05006

1    9.    Upon information and belief, defendant ComUnity Lending, Incorporated is, and at

2 all times relevant herein was, a corporation organized and existing under the laws of the State of

3 California, which currently maintains an office at 5671 Santa Teresa Blvd., Suite 201, San Jose,

4 California.

5    10.    Plaintiffs are ignorant of the true names and capacities of those defendants named

6 herein as DOES 1 through 10, inclusive.  Plaintiffs allege that each of these defendants named

7 herein as DOES 1 through 10, inclusive, are responsible in whole or in part -- for the actions and/or

8 omissions alleged herein.  Plaintiffs will amend this Complaint to list the true names and capacities

9 of those named herein as DOES 1 through 10 when the same have been ascertained.

10    11.    Upon information and belief, defendants DOES 1 through 10 were the agents of the

11 Company and were at all times thereafter acting within the purpose and scope of said agency, and

12 the Company has ratified and approved the acts of its agents.

13 **IV.    FACTS**

14    **A.    The Plan**

15    12.    Effective October 1, 2001, the Company established the Plan, which was a

16 supplementary employee retirement plan to provide deferred compensation for a select group of

17 management or highly-compensated employees.  A true and correct copy of the Plan is attached as

18 Exhibit 1.

19    13.    The Company was the plan administrator of the Plan.

20    14.    Section 7.1 of the Plan provides that the value of the participants' accounts shall be

21 fully vested at all times.

22    15.    Section 8.13 of the Plan provides that benefits are payable immediately in a lump

23 sum upon the termination of the Plan.

24    16.    Section 10.2 of the Plan provides that, "Upon termination of the Plan, the

25 Participant's full Compensation on a non-deferred basis will be thereupon restored."

26

27

28
                                    3
                        FIRST AMENDED COMPLAINT

1    17.    The Plan does not contain any provisions requiring the exhaustion of administrative

2 remedies prior to filing a lawsuit seeking benefits or a procedure a participant may follow to file

3 any such administrative claim.

4    **B.    The Trust Agreement**

5    18.    The Company established an irrevocable trust in which the Plan contributions were

6 deposited.

7    19.    Effective September 1, 2003, Investors Bank & Trust Company ("IBT") entered into

8 an agreement with the Company ("Trust Agreement"), pursuant to which IBT agreed to act as the

9 trustee of the Plan.  A true and correct copy of the Trust Agreement is attached as Exhibit 2.

10    20.    Section 4 of the Trust Agreement provides that except as provided by Section 3, the

11 Company "shall have no right or power to direct the Trustee to return to ComUnity or to divert to

12 others any of the Trust assets before all payment of benefits have been made to the Plan

13 participants and their beneficiaries pursuant to the terms of the Plan."

14    21.    Section (3)(b) of the Trust Agreement provides in pertinent part:

15    (1)    The Board of Directors/Trustees and Chief Executive Officer on
behalf of the Employer shall have the duty to inform the Trustee
16    in writing of the Employer's Insolvency. . . .

17    (3)    If at any time the Trustee has determined that the Employer is
insolvent, the Trustee shall discontinue payments to Plan
18    participants or their beneficiaries and shall hold the assets of the
Trust for the benefit of the Employer's general creditors. . . .

19
20    22.    Under the terms of the Trust Agreement, the Trust shall not terminate until the date

on which the Plan participants and their beneficiaries are no longer entitled to receive benefits
21
pursuant to the terms of the Plan.
22
    **C.    Termination of the Plan**
23
    23.    On August 10, 2007, the Company's Board of Directors voted to terminate the Plan.
24
A true and correct copy of the minutes for the August 10, 2007 Board meeting is attached as
25
Exhibit 3.
26

27

28
                                        4
                            FIRST AMENDED COMPLAINT

1        24.    The Company waited until August 29, 2007, to initiate the process of transferring

2  funds from the Plan's trustee to the Plan's participants, and never offered any reason for this 19-

3  day delay.

4        25.    On information and belief, on or about September 7, 2007, the Company circulated

5  to Plan members a Termination Announcement dated September 4, 2007 ("Termination

6  Announcement").  The Termination Announcement informed Plan members for the first time that

7  the Company had terminated the Plan, and stated that the termination was "effective September 4,

8  2007."  A true and correct copy of the Termination Announcement is attached as Exhibit 4.

9        26.    The Termination Announcement directed Plan participants to the Transamerica

10  Customer Care Center to respond to any questions they had concerning the Plan.

11        27.    The Company's financial records show that at the time of the termination of the

12  Plan, the Company was solvent.  A true and correct copy of the Company's financial statement for

13  August 2007 is attached as Exhibit 5.

14        28.    On information and belief, at no time between August 10, 2007, and September 17,

15  2007 (or thereafter), did any Company representative ever inform or represent to IBT, the Plan's

16  trustee, that the Company was insolvent.

17        **D.    The Company's Misappropriation of Plaintiffs' Plan Benefits**

18        29.    After receiving notice of the Plan's termination from the Company, Plaintiffs

19  submitted to the Company written instructions for the transfer of their respective Plan benefits to

20  their respective depository accounts.  Upon information and belief, beginning on or about

21  September 11, 2007, instead of immediately paying the Plaintiffs their respective Plan benefits, as

22  it was legally obligated to do, the Company forged depository instructions that the Plaintiffs had

23  provided to the Company for delivery to the Plan's trustee, and improperly instructed the trustee to

24  turn over the funds to the Company, rather than transmitting them to the Plaintiffs' respective

25  depository accounts.  True and correct copies of the distribution requests, as modified by the

26  Company are attached collectively as Exhibit 6.

27

28

5
FIRST AMENDED COMPLAINT

30.    By no later than September 17, 2007, IBT, the Plan's trustee, had distributed the Plan benefits of Plaintiffs, except those belonging to Plaintiff Christopher Hake, directly to the Company instead of to Plaintiffs' respective depository accounts.  IBT subsequently distributed all of Plaintiff Hake's Plan benefits directly to the Company as well.

31.    At the time of the distribution of his Plan benefits from IBT to the Company in September 2007, Plaintiff John Pham's Plan accounts had balances of approximately $526,180.74 and $1,026,745.56.

32.    At the time of the distribution of her Plan benefits from IBT to the Company in September 2007, Plaintiff Mai C. Pham's Plan accounts had balances of $640,702.86 and $1,164,927.96.

33.    At the time of the distribution of his Plan benefits from IBT to the Company in September 2007, Plaintiff Hung Perry Nguyen's Plan accounts had balances in the amounts of $123,906.43 and $90,535.25.

34.    At the time of the distribution of her Plan benefits from IBT to the Company in September 2007, Plaintiff Mai Nguyen's Plan accounts had balances of $24,956.72 and $237,163.75.

35.    At the time of the distribution of her Plan benefits from IBT to the Company in September 2007, Plaintiff Joyce Freeman's Plan accounts had balances of $312,278.60 and $95,615.08.

36.    At the time of the distribution of his Plan benefits from IBT to the Company, Plaintiff Christopher Hake's Plan accounts had balances of $413,187.75.

37.    The Company has refused to distribute any of Plaintiffs' Plan benefits to Plaintiffs.

**E.    The Company's Conversion of Plaintiffs' Plan Benefits**

38.    The Company and DOES 1 through 10, and each of them, failed to distribute the Plaintiffs' respective Plan benefits directly to Plaintiffs and, instead, improperly diverted all the Plan's assets from the Trust to the Company's own accounts, in violation of the express terms of the Plan and the Trust Agreement.

6
FIRST AMENDED COMPLAINT

1    39.    On or about October 12, 2007, the then-president and CEO of ComUnity, Darryl

2  Fry, issued a letter stating: "The disbursed funds have been segregated into a non-operating

3  interest baring [sic] account of ComUnity Lending.  ComUnity Lending has not yet received

4  definitive and final recommendations from legal council [sic].  Until ComUnity Lending has

5  received such recommendation, the Top Hat funds are segregated and secure and will remain so."

6  The Company subsequently admitted in the District Court Litigation that it actually had posted

7  $227,000 of the Plan benefits (a portion of which belonged to one or more than one of the

8  Plaintiffs) to one of the Company's own operating accounts.

9        **F.    The District Court Litigation**

10    40.    On October 24, 2007, four of the six Plaintiffs filed the Original Complaint in the

11  District Court Litigation.  A true and correct copy of the Original Complaint is attached hereto as

12  Exhibit 7.

13    41.    After those Plaintiffs filed an application for a writ of attachment or, in the

14  alternative, for a temporary protective order, seeking an attachment of the funds that the Company

15  had converted and was holding in constructive trust for the Plaintiffs' benefit, the District Court

16  entered the TPO.  A true and correct copy of Judge Ware's Minute Order dated November 20, 2007

17  granting the TPO is attached hereto as Exhibit 8.

18    42.    On November 21, Judge Ware issued a written Order granting a TPO.  A true and

19  correct copy of the Order is attached hereto as Exhibit 9.

20    43.    On December 4, 2007, after a further hearing, the District Court entered an Order

21  continuing the TPO pending the entry of an order granting Plaintiffs' application for a writ of

22  attachment.  A true and correct copy of Judge Ware's December 4, 2007 order continuing the TPO

23  is attached hereto as Exhibit 10.

24    44.    On December 6, 2007, the District Court entered an Order Granting Plaintiffs'

25  Application for a Writ of Attachment.  On that same day, the District Court issued a Writ of

26  Attachment.  True and correct copies of Judge Ware's December 6, 2007 Order Granting Plaintiffs'

27

28

7

FIRST AMENDED COMPLAINT

0036012/001/ 37866v01                                      Case # 08-50030/A.P. # 08-05006

1   Application for a Writ of Attachment and the December 6, 2007 Writ of Attachment are attached

2   hereto as Exhibits 11 and 12, respectively.

3         45.     After Plaintiffs attempted unsuccessfully to engage the Company in settlement

4   negotiations, Plaintiffs effected the levy of the Writ of Attachment on December 28, 2007.  On

5   January 4, 2008, the Company commenced its bankruptcy case.

6                                   **CLAIMS FOR RELIEF**

7                               **FIRST CLAIM FOR RELIEF**
                                    **Breach of Contract**
8           **(Against Defendants ComUnity Lending, Incorporated and DOES 1 -10)**

9         46.     Plaintiffs incorporate by reference the facts and allegations set forth in each of the

10  preceding paragraphs as though fully set forth herein.

11        47.     Pursuant to the express terms of the Plan, Plaintiffs are entitled to the immediate

12  payment of their benefits under the Plan.

13        48.     The Company and DOES 1-10 breached the terms of the Plan by: (a) failing to pay

14  immediately the benefits owed to Plaintiffs upon the termination of the Plan, and (b) converting the

15  Plaintiffs' Plan benefits to the Company's use.

16        WHEREFORE, Plaintiffs pray for relief as set forth below.

17                              **SECOND CLAIM FOR RELIEF**
                                    **Breach of Contract**
18          **(Against Defendants ComUnity Lending, Incorporated and DOES 1- 10)**

19        49.     Plaintiffs incorporate by reference the facts and allegations set forth in each of the

20  preceding paragraphs as though fully set forth herein.

21        50.     Plaintiffs were beneficiaries of the Trust Agreement between the Company and IBT.

22        51.     Through the conduct alleged herein, including without limitation Defendants' failure

23  to pay Plaintiffs their Plan benefits, Defendants breached the Trust Agreement, thereby causing

24  harm to Plaintiffs.

25        WHEREFORE, Plaintiffs pray for relief as set forth below.

26

27

28
                                              8
                                  FIRST AMENDED COMPLAINT

1

**THIRD CLAIM FOR RELIEF**
**Declaratory Judgment**

2

**(Against Defendants ComUnity Lending, Incorporated and DOES 1 -10)**

3

     52.    Plaintiffs incorporate by reference the facts and allegations set forth in each of the

4

preceding paragraphs as though fully set forth herein.

5

     53.    There is an actual controversy between Plaintiffs and Defendants with respect to the

6

payment of benefits under the Plan.

7

     54.    The rights of Plaintiffs and the corresponding duties of Defendants turn on the

8

resolution of the following issues:

9

               a.   Plaintiffs maintain that under the express terms of the Plan, the Company

10

                   was (and is) obligated to pay Plaintiffs immediately the benefits owing to

11

                   them, and that their Plan benefits are not property of the Company's

12

                   bankruptcy estate.

13

               b.   The Company contends that it was appropriate to refuse to make an

14

                   immediate distribution of Plan benefits to Plaintiffs, to delay payment of the

15

                   Plan benefits owing to Plaintiffs, and that Plaintiffs' Plan benefits are subject

16

                   to the claims of the Company's general unsecured creditors.

17

     WHEREFORE, Plaintiffs pray for relief as set forth below.

18

**FOURTH CLAIM FOR RELIEF**
**Injunction**

19

**(Against Defendants ComUnity Lending, Incorporated and DOES 1- 10)**

20

     55.    Plaintiffs incorporate by reference the facts and allegations set forth in each of the

21

preceding paragraphs as though fully set forth herein.

22

     56.    Plaintiffs' Plan benefits are not property of the Company's bankruptcy estate.

23

     57.    Plaintiffs are likely to prevail on their claims and will suffer irreparable injury if the

24

Company is permitted to commingle, transfer, pledge, encumber, grant a security interest in, or in

25

any other manner use, dispose of, or hypothecate any of Plaintiffs' Plan benefits or any of the

26

proceeds thereof.

27

     WHEREFORE, Plaintiffs pray for relief as set forth below.

28

9

FIRST AMENDED COMPLAINT

1                                    **PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs as

3  follows:

4          1.      Declaring that Plaintiffs' Plan benefits and all proceeds thereof are not

5                  property of the Company's bankruptcy estate;

6          2.      Declaring that Plaintiffs are entitled to the immediate payment of their

7                  benefits under the terms of the Plan;

8          3.      Enjoining Defendants from commingling, transferring, pledging,

9                  encumbering, granting a security interest in, or in any other manner using,

10                 disposing of, or hypothecating any of Plaintiffs' Plan benefits or any of the

11                 proceeds thereof;

12         4.      Ordering Defendants to pay Plaintiffs their respective Plan benefits and pre-

13                 judgment interest thereon;

14         5.      Imposing a constructive trust over Plaintiffs' Plan benefits and all proceeds

15                 thereof, in Defendants' possession, custody, or control;

16         6.      Awarding Plaintiffs their attorneys' fees and costs pursuant to ERISA

17                 section 502(g), 29 U.S.C. § 1132(g); and

18         7.      Awarding Plaintiffs such other and further relief as the Court may deem just,

19                 proper, and equitable.

20

21  Dated: June 6, 2008                          LINER YANKELEVITZ
                                                 SUNSHINE & REGENSTREIF LLP
22

23
                                                 By:  _____/s/_____
24                                                      Matthew Borden

25                                               Attorneys for Plaintiffs and Counterdefendants Mai
                                                 Christina Pham, John Pham, Mai Nguyen, Hung Perry
26                                               Nguyen, Joyce Freeman, and Christopher Hake

27

28                                           10
                                  FIRST AMENDED COMPLAINT

0036012/001/ 37866v01                                    Case # 08-50030/A.P. # 08-05006