**\*E-FILED 05-06-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE COMUNITY LENDING, INCORPORATED,<br><br>　　　　Debtor<br>_____/<br><br>CHRISTINA PHAM, et al.<br>　　　　Plaintiffs,<br>v.<br>COMUNITY LENDING INCORPORATED<br>　　　　Defendant.<br>_____/<br><br>AND RELATED CROSS-ACTIONS<br>_____/ | No. C08-00201 JW (HRL)<br><br>**CONDITIONAL ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION FOR PROTECTIVE ORDER**<br><br>**ALTERNATIVE REPORT AND RECOMMENDATION RE EVIDENTIARY SANCTIONS**<br><br>[Re: Docket No. 172] |

Trustee John Richardson moves for a protective order as to Topics 1-9 of plaintiffs' Fed. R. Civ. P. 30(b)(6) notice for the deposition of ComUnity Lending, Inc.[1] Plaintiffs filed a cross-motion to compel the deposition, which was deemed by this court to be their opposition to the Trustee's motion. The Trustee filed a reply, and plaintiffs were permitted to file a sur-reply. The matter is deemed suitable for determination without oral argument, and the May 10, 2011 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers,

---

[1] As an apparent afterthought, the Trustee argues that the instant motion is to be deemed his cross-motion for protective order as to plaintiffs' written discovery requests. The parties' dispute over those discovery requests will be addressed in a separate order on plaintiffs' motion to compel (Docket No. 137), which was fully briefed by the time the instant motion was filed.

1  this court conditionally grants in part and denies in part the Trustee's motion for protective
2  order and issues an alternative report and recommendation as to evidentiary sanctions plaintiffs
3  might seek.

4  With respect to Topics 2-8, the parties dispute whether, in view of the Ninth Circuit's
5  ruling, these requests fairly are within the scope of legitimate discovery.  Plaintiffs point out
6  that the Ninth Circuit did not address the question whether the Plan actually met the
7  requirements of a so-called "top hat" plan.  Nevertheless, the import of the appellate decision,
8  as this court reads it, is that (1) the interpretation of the Plan urged by plaintiffs on appeal was
9  contrary to the parties' stated intention that the Plan was intended to be an unfunded "top hat"
10 plan; and (2) the parties' dispute turns on the question whether ComUnity was, in fact, insolvent
11 during the time period in question.  (See Docket No. 121).  Accordingly, the testimony sought
12 by these topics is neither relevant nor reasonably calculated to lead to the discovery of
13 admissible evidence, and any possible relevance is outweighed by the burden imposed.  FED. R.
14 CIV. P. 26(b).  The Trustee's motion for protective order as to these topics therefore is granted,
15 notwithstanding that the motion was filed only after the noticed deposition date had passed.

16 As for Topic 1, the testimony sought is relevant, and the Trustee has not convincingly
17 demonstrated that this topic calls solely for expert testimony.  Indeed, plaintiffs point out that
18 the Trustee relied, both on summary judgment and on appeal, on lay testimony from Allen
19 Christensen as to ComUnity's finances.  Similarly, with respect to Topic 9, this court finds that
20 the testimony sought is relevant to the key question of ComUnity's alleged insolvency.  The
21 Trustee has not managed to persuade that he should be excused from the burden of designating
22 and preparing deponent(s) to testify on the company's behalf.  See generally In re Kenny
23 Industrial Services, LLC, No. 03 B 04959, 2009 WL 1604989 (Bkrtcy. N.D. Ill., June 5, 2009)
24 (indicating that the trustee testified as the defunct corporation's Fed. R. Civ. P. 30(b)(6)
25 designee).  The Trustee's cited authority, Marky v. Norstar Bank, N.A., 143 B.R. 989 (Bkrtcy.
26 W.D.N.Y. 1992) does not concern discovery, but rather, a trustee's duty to conduct a proper
27 Fed. R. Civ. P. 11 inquiry.  Moreover, it is of no moment that the Trustee says he has produced
28

1  knowledgeable witnesses for deposition in their individual capacities.  The point of taking a
2  Fed. R. Civ. P. 30(b)(6) deposition is to obtain testimony that is binding on the company.

3  Although plaintiffs move for an order compelling the Trustee to produce deponents re
4  Topics 10 and 11, there is no dispute here.  The Trustee expressly says that he agreed to
5  produce Fed. R. Civ. P. 30(b)(6) witnesses to testify on these topics.  (Mot. at 12).

6  Accordingly, this court finds that, in addition to testimony on Topics 10 and 11 (which
7  are not in dispute), plaintiffs are entitled to Fed. R. Civ. P. 30(b)(6) deposition testimony as to
8  Topics 1 and 9.  The Trustee therefore is ordered to produce appropriate person(s) to testify in
9  their capacities as Fed. R. Civ. P. 30(b)(6) designees on these topics.  This order, however, is
10  conditioned on the presiding judge's determination that the period for fact discovery and expert
11  disclosures should be re-opened to permit plaintiffs an opportunity to take the Fed. R. Civ. P.
12  30(b)(6) deposition and to prepare expert disclosures that take that testimony into account.
13  Additionally, this court recommends that a special master be appointed to address any further
14  discovery disputes that may arise.

15  Alternatively, if the presiding judge decides that modification of the scheduling order is
16  not warranted, then this court recommends that he consider imposing the evidentiary sanctions
17  which may be requested by plaintiffs for the failure to produce Fed. R. Civ. P. 30(b)(6)
18  designee(s) to testify about Topics 1 and 9.  This court does not find the Trustee's failure to be
19  substantially justified.  He does not deny that the instant motion was filed only after the noticed
20  deposition date passed, and he has not explained why he could not bring a motion sooner.
21  Moreover, inasmuch as the period for discovery and expert disclosures has passed, there has
22  been palpable prejudice to plaintiffs.  FED. R. CIV. P. 37(d).

23  Dated:   May 6, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:08-cv-00201-JW Notice has been electronically mailed to:

Hong-Nhung Thi Le     nle@luce.com, aworthing@luce.com

Jeffrey L. Fillerup     jfillerup@luce.com, aazarmi@luce.com, aleverton@luce.com, nle@luce.com

Jesse Landis Hill     JLBHill@aol.com, JLBHill@aol.com

John Walshe Murray     jwmurray@murraylaw.com

Jonas Noah Hagey     hagey@braunhagey.com

Matthew Brooks Borden     borden@braunhagey.com, cross@braunhagey.com, lindstedt@braunhagey.com

Robert Anthony Franklin     rfranklin@murraylaw.com, bobF_94303@yahoo.com

Ronald Scott Kravitz     RKravitz@LinerLaw.com, jchau@linerlaw.com, jwong@linerlaw.com, mreyes@linerlaw.com

Suzanne L. Decker     suzannedecker@sbcglobal.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California