**United States District Court**
For the Northern District of California

1

2                                                                    *E-FILED 05-09-2011*

3

4

5

6

7                                              NOT FOR CITATION

8                               IN THE UNITED STATES DISTRICT COURT

9                            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                              SAN JOSE DIVISION

11   IN RE COMUNITY LENDING,                          No. C08-00201 JW (HRL)
     INCORPORATED,
12
                  Debtor                              **CONDITIONAL ORDER RE**
13   _____/                 **PLAINTIFFS' MOTION TO COMPEL**
                                                      **DEPOSITION OF ALLEN**
14   CHRISTINA PHAM, et al.                           **CHRISTENSEN**

15                Plaintiffs,                         **ALTERNATIVE REPORT AND**
                                                      **RECOMMENDATION RE**
16   v.                                               **EVIDENTIARY SANCTIONS**

     COMUNITY LENDING INCORPORATED
17
                  Defendant.                          **[Re:  Docket No. 150]**
18   _____/

19   AND RELATED CROSS-ACTIONS
     _____/
20

21          Plaintiffs have for years been interested in deposing Allen Christensen, the former Chief

22   Financial Officer of defendant ComUnity Lending, Inc. (ComUnity).  ComUnity previously was

23   represented by the Murray & Murray law firm, who told plaintiffs that they also represented

24   Christensen with respect to his noticed deposition.  After the bankruptcy court converted

25   ComUnity's Chapter 11 proceeding to a Chapter 7 liquidation, Trustee John Richardson was

26   appointed, and the Luce Forward Hamilton & Scripps firm was appointed as the Trustee's

27   counsel.  Christensen's deposition never went forward because, shortly after, the court granted

28   summary judgment in plaintiffs' favor and the Trustee appealed.

**United States District Court**
For the Northern District of California

1    After the Ninth Circuit's remand, plaintiffs renewed their request for Christensen's

2    deposition.  Initially, Trustee's counsel did not object to the dates proposed by plaintiffs,

3    indicated that they would check on Christensen's availability for deposition, and stated that

4    Christensen had advised them that mid-March or later was best for him.  (Borden Decl. Ex. 13).

5    Plaintiffs say that such communications led them to believe that opposing counsel would

6    produce Christensen for deposition—that is, up until a few days before the noticed deposition

7    date when the Trustee advised that he did not represent Christensen and could not require him

8    to appear for a deposition.  (Id.).  The deposition did not proceed as noticed, and plaintiffs say

9    that their efforts to find and subpoena Christensen on their own have been unsuccessful.  (See

10   Lindstedt Decl. ¶¶ 2-6).  The Trustee says that he has Christensen's cell phone, but no other

11   information as to his whereabouts—except to say that Christensen reportedly is now somewhere

12   in Idaho tending to his mother.

13   There seems to be no dispute that Christensen is an important witness.  This court is told

14   that he prepared statements pertaining to ComUnity's financial condition during the relevant

15   period at issue in this action, and also submitted a declaration that ComUnity relied upon in

16   summary judgment and in the Ninth Circuit appeal.  Additionally, plaintiffs say that defense

17   experts rely on documents prepared by Christensen; that Christensen is listed on the defense list

18   of witnesses; and that the Trustee refuses to serve Fed. R. Civ. P. 26(e) supplemental or

19   amended disclosures as to Christensen in any way.

20   The Trustee claims that he does not control Christensen and, further, that Christensen

21   wants nothing to do with the Trustee and refuses to speak with Trustee's counsel.[1]

22   Nevertheless, it seems that, at a minimum, the Trustee breached a good faith obligation to give

23   plaintiffs all contact information available to him re Christensen, particularly when the Trustee

24   has listed Christensen among its own witnesses.  At oral argument, Trustee's counsel indicated

25   that he knows of sources at Diablo Management Group (DMG), or possibly other unexplored

26

27          [1]    For this reason, the Trustee repeatedly suggested at oral argument that he is
     justified in refusing to produce Christensen as a Fed. R. Civ. P. 30(b)(6) witness.  But, the
28   record indicates that plaintiffs are seeking to depose Christensen only in his individual
     capacity.  (See Borden Decl. Ex. 14).

**United States District Court**
For the Northern District of California

1   sources, who might have additional information as to where Christensen might be found.  The

2   Trustee says that he did not provide this information to plaintiffs because they never asked him

3   for it.

4           Discovery is now closed.  And, trial is set to begin in just under a month.  Although the

5   instant motion is styled as one to compel Christensen's deposition, plaintiffs now believe that

6   evidence preclusion is the only viable remedy.

7           In the interests of resolving this action on the merits, this court finds that plaintiffs

8   should be given an opportunity to locate and depose Christensen.  This order, however, is

9   conditioned on the presiding judge's determination that the period for fact discovery and expert

10  disclosures should be re-opened to permit plaintiffs an opportunity to take the deposition and to

11  prepare expert disclosures that take that testimony into account.  Additionally, this court

12  recommends that a special master be appointed to address any further discovery disputes that

13  may arise.

14          Alternatively, if the presiding judge decides that modification of the scheduling order is

15  not warranted, then this court recommends that he consider imposing evidentiary sanctions

16  which may be requested by plaintiffs, including that the Trustee be precluded from offering at

17  trial any testimony or evidence from Christensen, or any expert opinions based on Christensen's

18  testimony or documents prepared by Christensen.

19  Dated:     May 9, 2011

20

21  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

3

1    5:08-cv-00201-JW Notice has been electronically mailed to:

2    Hong-Nhung Thi Le     nle@luce.com, aworthing@luce.com

3    Jeffrey L. Fillerup     jfillerup@luce.com, aazarmi@luce.com, aleverton@luce.com,
     nle@luce.com

4
     Jesse Landis Hill     JLBHill@aol.com, JLBHill@aol.com
5
     John Walshe Murray     jwmurray@murraylaw.com
6
     Jonas Noah Hagey     hagey@braunhagey.com
7
     Matthew Brooks Borden     borden@braunhagey.com, cross@braunhagey.com,
8    lindstedt@braunhagey.com

9    Robert Anthony Franklin     rfranklin@murraylaw.com, bobF_94303@yahoo.com

10   Ronald Scott Kravitz     RKravitz@LinerLaw.com, jchau@linerlaw.com, jwong@linerlaw.com,
     mreyes@linerlaw.com
11
     Suzanne L. Decker     suzannedecker@sbcglobal.net
12

13   Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California